OPINION
{¶ 1} Defendant-appellant Rebecca Schwartz appeals the March 20, 2002 Judgment Entry of the Perry County Court which set forth findings of fact as required by this Court's February 7, 2002 Opinion and Judgment Entry. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 1, 2000, appellant was charged with operating a motor vehicle while under the influence of alcohol and/or drugs, in violation of R.C. 4511.19(A)(1); operating a motor vehicle with a prohibited alcohol concentration, in violation of R.C. 4511.19(A)(3); failing to wear seatbelt, in violation of R.C. 4513.263, and driving left of center, in violation of R.C. 4511.25. At her November 7, 2000 arraignment, appellant plead not guilty to each charge.
 {¶ 3} On December 12, 2000, appellant filed a motion to suppress the results of the BAC and field sobriety test. In her motion, appellant alleged the officer who stopped her did not have probable cause to require her to submit to the BAC test, and the officer failed to strictly comply with the standardized procedures required for the administration of the horizontal gaze nystagmus test. The trial court held a hearing on appellant's motion on January 9, 2001. In a February 2, 2001 Judgment Entry, the trial court denied appellant's motion to suppress without giving its reasons for so doing.
 {¶ 4} The matter proceeded to a jury trial on April 27, 2001. On the same day, the jury found appellant guilty of operating a motor vehicle while under the influence of alcohol and/or drugs, and operating a motor vehicle with a prohibited alcohol concentration. The trial court also found appellant guilty of failing to wear a seatbelt and driving left of center. In a May 11, 2001 Judgment Entry, the trial court sentenced appellant to sixty days in jail on each count of DUI, but suspended 52 of the days and placed appellant on probation for a period of two years.
 {¶ 5} On May 11, 2001, appellant filed a timely notice of appeal. On February 7, 2002, this Court reversed the trial court's judgment of conviction and remanded the case with the following instruction: "The judgment of the Perry County Court is reversed. This cause is remanded to that court with instructions to state findings of fact on the record in relation to the motion to suppress. In addition, the sentences are vacated. In the event that there is no further appeal following the court stating findings related to the motion to suppress, the court is instructed to re-sentence appellant on only one of the two convictions."State v. Schwartz, 2002-Ohio-516, Perry App. No. 01-CA-9(Ohio App. 5 Dist.).
 {¶ 6} On March 20, 2002, the trial court issued findings of fact relative to appellant's motion to suppress. Appellant now appeals from the trial court's newly issued findings of fact, assigning the following error for our review:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT THE OPPORTUNITY TO CROSS EXAMINE THE ARRESTING OFFICER CONCERNING HIS ADMINISTRATION OF THE HORIZONTAL GAZE NYSTAGMUS TEST."
 {¶ 8} We can not address the merits of appellant's sole assignment of error because we find a final appealable order does not exist in the case. In so doing, we recognize our above referenced instruction to the trial court was procedurally erroneous.
 {¶ 9} Our February 7, 2002 Opinion and Judgment Entry vacated appellant's sentence. Therefore, notwithstanding the fact the trial court followed our instruction therein we are without a final appealable order to review.
 {¶ 10} The trial court is instructed to reenter its convictions and sentences on the minor misdemeanor offenses and reenter conviction and sentence on one of the two DUI convictions pursuant to R.C. 2941.25.
 {¶ 11} Appellant's appeal is dismissed for want of jurisdiction.
By: Hoffman, P.J., Farmer, J. and Wise, J. concur.
topic: No FAO where sentence vacated.